Argued and submitted December 3, 2021, reversed and remanded
January 5, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JOHN KLOECK,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR75925; A171200

502 P3d 1201

Amanda R. Benjamin, Judge pro tempore.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. Defendant assigns error to the trial court's admission of certificates of accuracy from the Intoxilyzer machine that registered defendant's blood alcohol content. We reject that assignment without written discussion. He also assigns error to the trial court's admission of statements from a 9-1-1 caller who reported seeing a person—later identified as defendant—stagger out of a bar and drive away. As to that assignment, we conclude that the trial court erred in admitting the 9-1-1 statements, and the error was not harmless. We therefore reverse and remand.

Defendant was charged with one count of DUII after police investigated a 9-1-1 call from a civilian. The caller reported seeing a man who "literally couldn't even walk" leaving a bar and getting into a vehicle, and the caller provided a detailed description of the man, the vehicle that he was driving, and where he drove before the caller lost sight of him.

At trial, the state offered a recording of the 9-1-1 call. Defendant objected on hearsay grounds, and the state responded that the statements made during the 9-1-1 call were admissible under the business records exception; as an excited utterance; for the purpose of identity; and to show the effect on the listener. The trial court ruled that the evidence was admissible "strictly under the business record exception," OEC 803(6). As a result, it did not rule on the other potential bases for admitting the evidence.

On appeal, defendant contends that the business records exception did not apply to the caller's 9-1-1 statements because the caller was not acting in the regular course of business. The state does not dispute the merits of that argument; rather, it concedes that it "would have been a valid objection." *See State v. Cain*, 260 Or App 626, 633, 320 P3d 600 (2014) ("If the supplier of the information and the person recording the information *are both acting in the regular course of business*, then the multiple levels of hearsay are excused under the business records exception." (Emphasis

added.)). Instead, the state argues that (1) defendant did not preserve the specific argument he makes on appeal; and (2) the caller's statements were admissible on the alternative grounds that they were within a hearsay exception for excited utterances, OEC 803(2), or were not hearsay because they fell within OEC 801(4)(a)(C) as "identification of a person made after perceiving the person."

We reject the state's preservation argument because the issue that defendant raises on appeal was fairly encompassed in the hearsay objection and the arguments that developed during the hearing in the trial court. On the merits of the court's admission of the statements under the business records exception, the state's concession is well taken: There is no evidence that the 9-1-1 caller was acting in the regular course of business for purposes of OEC 803(6), and his statements in the recording were not admissible under that exception.

With regard to the state's proffered alternative grounds for admission, neither the excited utterance exception nor the identification exemption provides a basis for upholding the admission of the caller's statements. The trial court expressly declined to address whether the state laid a sufficient foundation to meet the excited utterance exception, and additional factfinding would be required in order to determine whether the caller's statements satisfy that exception. *See State v. Iseli*, 366 Or 151, 162, 458 P3d 653 (2020) (identifying the excited utterance exception in OEC 803(2) as one that "requires a trial court to evaluate facts proffered under the specified criteria to determine whether they are satisfied"). As for identity, the 9-1-1 caller's statements, which described an unknown person and his car but never made an identification of him, do not fall within the exemption provided in OEC 801(4)(a)(C) for statements of identification of a person. That exemption requires, at a minimum, an actual statement of identification, as distinct from a description of an unknown person. *See State v. Hartley*, 289 Or App 25, 32, 407 P3d 902 (2017) (describing the "narrow scope of OEC 801(4)(a)(C)"); *id.* at 30 ("'The subparagraph should not be read literally. It is aimed at situations where the declarant is shown a person or photograph of a

person and makes an identification as a result of that showing ("that is the person who did it"). It is not aimed at situations where, after an event, the declarant simply makes a statement which identifies the person involved ("X did it").'" (Quoting Legislative Commentary to OEC 801, *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 801.02[2], 712 (6th ed 2013).)).

 In sum, the trial court erred in admitting the evidence of the 9-1-1 caller's statements under the business records exception, and the state has not demonstrated that the statements were nevertheless admissible under another rationale. Because that error prejudiced defendant, as the state correctly concedes, we reverse and remand.

 Reversed and remanded.